IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISAAC K. BIEGON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-2006-C-BN |
| | § | |
| CITY OF DALLAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Isaac K. Biegon, proceeding *pro se*, removed to federal court the lawsuit that he filed against the City of Dallas and others in a state court in Dallas County. *See* Dkt. No. 3. Senior United States District Judge Sam R. Cummings referred Biegon's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After reviewing the Notice of Removal [Dkt. No. 3], the undersigned *sua sponte* questioned whether removal is proper, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (federal courts have independent duty to examine their own subject matter jurisdiction), and therefore entered an order requiring that, should Biegon not agree that this case should be remanded to state court, he must file a written response supported by evidence or facts to establish that federal jurisdiction exists, including a copy of all process, pleadings, and orders served in the state court action, *see* Dkt. No. 5. Biegon filed a timely response arguing that the Court has jurisdiction under 28 U.S.C. § 1331. *See* Dkt. No. 9.

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and federal courts generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. So, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

Biegon's status as the plaintiff prevents his removal of this action under the applicable statutes, as "neither 28 U.S.C. § 1441 nor 42 U.S.C. § 1443 authorizes removal of a case to federal court by a plaintiff." *Cooper v. City of Plano, Tex.*, 260 F. App'x 680, 2007 WL 4513102, at *1 (5th Cir. Dec. 21, 2007) (per curiam). But "'[t]he fact that removal is contrary to the technical requirements of § 1441(a) or § 1446(b) has no effect on subject matter jurisdiction'" because "'Congress recognized cases would be removed in contravention of the removal statutes but imposed a thirty-day period in § 1447(c) for seeking remand on non-jurisdictional grounds.'" *Sigler v. Caliber Home Loans, Inc.*, No. SA-16-CV-717-XR, 2017 WL 74756, at *3 (W.D. Tex. Jan. 5, 2017) (cleaned up; quoting *Green Tree Fin. Corp. v. Arndt*, 72 F. Supp. 2d 1278, 1284 (D. Kan. 1999)).

And the Court may not remand an action to state court *sua sponte* "for purely procedural defects." *In re Allstate*, 8 F.3d 219, 223 (5th Cir. 1993) (finding "no basis, in either the language of the amended statute or in policy, for conferring upon the

district courts discretion *sua sponte* to remand for purely procedural defects"); *see also Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 284 (5th Cir. 2004) ("[W]ithout a motion from a party, the district court's remand order is not authorized by § 1447(c). Similarly, a motion for remand based on procedural defects that is brought more than 30 days after the removal of the action, is outside of the district court's power to grant." (citations omitted)).

Focusing on federal question jurisdiction – which is the basis for removal cited in the Notice of Removal and Biegon's response to the August 30, 2021 order – such jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

So "[a] civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law," and, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses: [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Anderson*, 539 U.S. at 6 (citation and internal quotation marks omitted).

To support removal under Section 1331, the party asserting federal jurisdiction "must locate [its] basis … in those allegations necessary to support the plaintiff's

claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter*, 44 F.3d at 366).

In the Notice of Removal, Biegon argued that he has stated a claim under 42 U.S.C. § 1983. *See* Dkt. No. 3 at 1. He further cited 42 U.S.C. § 14141 and 18 U.S.C. § 242. *See id.* at 2.

First, claims "under 34 U.S.C. § 12601 (formerly 42 U.S.C. § 14141) and 18 U.S.C. §§ 241-242 … lack a basis in the law because these statutes do not afford [Biegon] a private right of action." *Tucker v. U.S. Court of Appeals for Tenth Circuit*, 815 F. App'x 292, 294 (10th Cir. 2020).

> Section 12601 affords enforcement only to the Attorney General. *See* 34 U.S.C. § 12601(b) ("Whenever the Attorney General has reasonable cause to believe that a violation of paragraph [(a)] has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice."). Sections 241 and 242 are criminal statutes that do not provide for private civil causes of action. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002) (unpublished) (recognizing that it is "settled law" that §§ 241 and 242, "like other such statutes, do not provide for a private civil cause of action" (citations omitted)).

*Id.*

Turning to Biegon's remaining asserted basis for federal question jurisdiction, reiterated in the show cause response, "[a] plaintiff makes out a § 1983 claim if he 'shows a violation of the Constitution or of federal law, and then shows that the violation was committed by someone acting under color of state law,'" *Rich v. Palko*,

920 F.3d 288, 293-94 (5th Cir. 2019) (cleaned up; quoting *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008)).

But these required showings must be apparent through a pleading – here, Biegon's operative state petition – at the time of removal. *See, e.g.*, *Tobacco & Wine, Inc v. Cnty. of Dall.*, 456 F. Supp. 3d 788, 791-92 (N.D. Tex. 2020) ("Whether an action is removable based on federal question jurisdiction is determined by the allegations in the plaintiff's 'well-pleaded complaint' at the time of removal." (citing *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001))); *see also Renegade Swish, L.L.C. v. Wright*, 857 F.3d 692, 695-96 (5th Cir. 2017) ("The [United States] Supreme Court has explained that 'under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case "arises under" federal law.'" (quoting *Franchise Tax Bd.*, 463 U.S. at 10)).

The state court petition included with the Notice of Removal neither sets forth a Section 1983 claim nor alleges facts from which the Court may infer that such a claim was apparent at the time of removal. *See* Dkt. No. 3-1 at 62-67; Dkt. No. 3-2 at 1-24 (asserting claims for negligence and "police misconduct").

And Biegon may not amend his claims through the Notice of Removal or in response to the order to show cause, as "a claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and neither a notice of removal nor a response to a court's order is among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a); *cf. Klaizner v. Countrywide Fin.*, No. 2:14-CV-

1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citations omitted)).

In sum, Biegon has not shown that the allegations in a well-pleaded complaint established that federal jurisdiction existed at the time of removal, which requires that the Court *sua sponte* remand his case to state court.

## Recommendation

Because the party invoking the Court's jurisdiction through removal has not shown that this action was removable based on the allegations in the well-pleaded complaint at the time of removal, the Court should *sua sponte* remand this action to the Dallas County Court of Law No. 4, from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 30, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE